Maximo Justo GUEVERA

v.

David C. BROOKS.

No. Civ.A. 00–840.

United States District Court, E.D. Pennsylvania.

Feb. 18, 2000.

Maximo Justo Guevara, Philadelphia, PA, Pro se.

MEMORANDUM

ROBERT F. KELLY, District Judge.

Plaintiff has filed a Complaint alleging federal jurisdiction based on a violation of his rights under 42 U.S.C. § 1983. This matter is now before the Court on Plaintiff's Motion to Proceed in Forma Pauperis. Because it appears from the affidavit that accompanied the motion that Plaintiff is without funds, his motion will be granted.

In reviewing the very detailed complaint, which contains 133 separate paragraphs, it is clear that the plaintiff has not and cannot sustain his claim of federal jurisdiction based on 42 U.S.C. § 1983.

The complaint alleges further, that Plaintiff engaged the Defendant as an attorney to represent him for certain personal financial problems Plaintiff was experiencing. It is alleged that Defendant failed to act causing Plaintiff's damages.

■■■■ In order to state a claim under 42 U.S.C. § 1983, Plaintiff must show that the Defendant acted under color of state law and denied him a federal constitutional or statutory right. *See Jordan v. Fox, Rothschild, O'Brien and Frankel,* 20 F.3d 1250, 1264 (3rd Cir.1994). Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the Court. *Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 450, 70 L.Ed.2d 509 (1981). Although a person may be found to be a state actor when (1) he is a state official; (2) he has acted together with or has obtained significant aid from state officials; or (3) his conduct is, by its nature, chargeable to the state. There is not a hint of any of these possibilities in the present Complaint. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 930, 102 S.Ct. 2744, 2750, 73 L.Ed.2d 482 (1982). The Complaint before the Court contains no allegation that could possibly lead to a finding of state activity.

Because the Complaint fails to state a claim on which relief may be granted, it will be dismissed under the authority set forth in 28 U.S.C., § 1915(e)(2)(B)(ii).